# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **LAKESHA TRODY-GOINS,**<br><br>*Plaintiff*,<br><br>v.<br><br>**M.G. CREDIT, INC., and AMBER DOE,**<br><br>*Defendants*. | Case Number**:** _____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, LAKESHA TRODY-GOINS ("**Ms. Trody-Goins**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, M.G. CREDIT, INC. ("**M.G.**") and AMBER DOE ("**Amber**"), (jointly, "**Defendants**") states as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Ms. Trody-Goins against the Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.*, ("**FDCPA**"), and the Florida Consumer Collection Practices Act, Section 559.55, Florida Statutes, *et. seq*. ("**FCCPA**").

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d) and the FCCPA, Section 559.77(1), Florida Statutes.

3. The Defendants are subject to the provisions of the FDCPA and FCCPA and are subject to the jurisdiction of this Court pursuant to 28 U.S.C § 1331.

4. Supplemental jurisdiction arises for state law claims under 28 U.S.C. § 1367.

5. Venue is proper in the Middle District of Florida because the acts complained of were committed and / or caused by Defendants within the District. 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Ms. Trody-Goins is a natural person residing in Hillsborough County, Florida and is a "consumer" as defined by both the FDCPA and FCCPA, 15 U.S.C. § 1692a(3) and Section 559.55(8), Florida Statutes, respectively. She was previously known as Lakesha Trody.

7. M.G. is a Florida corporation with a primary business address of 5115 San Juan Ave., Jacksonville, FL 32210.

8. M.G.'s registered agent is **Marguerite Gilliam, 5115 San Juan Ave., Jacksonville, FL 32210**.

9. On information and belief, Amber, which may be an alias, is a debt collector employed or contracted by M.G. to collect consumer debts and lives in or around Jacksonville, Florida.

10. The Defendants are "debt collector" within the meaning of the FDCPA and FCCPA, 15 U.S.C. § 1692a(6) and Section 559.55(7), Florida Statutes, respectively, in that the Defendants regularly collect or attempt to collect, directly or indirectly, consumer debts allegedly due to another party.

11. In addition, M.G. is licensed as a consumer collection agency by the Florida Office of Financial Regulation and holds license number CCA9903088.  **SEE PLAINTIFF'S EXHIBIT A.**

12. Plaintiff will amend her complaint once Amber's true name is ascertained.

## FACTUAL ALLEGATIONS

13.     In February 2010, Ms. Trody-Goins is alleged to have defaulted on an account with Independence Acceptance Corporation ("**Independence**") which had provided financing for a gym membership to Shapes Fitness for Women ("**Shapes**") for Ms. Trody-Goins (the "**debt**").

14.     The debt arose from services which were for family, personal, or household purposes, specifically for personal fitness services, and meets the definitions of "debt" under 15 U.S.C. § 1692a(5) and Section 559.55(6), Florida Statutes.

15.     In or around July 2010, Independence sold, transferred or otherwise assigned the debt to M.G. for collection. **SEE PLAINTIFF'S EXHIBIT B.**

16.     In or around November 2010, M.G. began reporting the debt to Equifax, a credit reporting agency ("**CRA**"), in the amount of $719. *Id.*

17.     M.G. reported the debt under the creditor classification code ("**CCC**") for "Retail" despite the fact that it should have been coded for "health and fitness clubs" because Shapes is a health and fitness club, not a retailer. *Id.*

18.     In December 2015, Ms. Trody-Goins called M.G. and spoke with a female M.G. collection agent who identified herself as "Amber."

19.     Amber attempted to collect the debt from Ms. Trody-Goins.

20.     Amber stated that M.G. was continuing to report the debt to various CRAs.

21.     Amber also stated the debt related to a contract with Shapes.

22.     Amber stated that Ms. Trody-Goins could settle the debt for approximately $400.

23.     Amber stated that if Ms. Trody-Goins accepted the settlement, M.G. would update its report to the CRAs to indicate the account was "paid" or "settled."

24. Amber further stated that if Ms. Trody-Goins paid the entire amount allegedly owed, $719, M.G. would *delete* the debt from her credit report.

25. M.G. is a furnisher of data to the CRAs and has no ability to remove previously-reported information which the CRAs have previously incorporated into its credit files.

26. M.G. could only request that the CRAs, such as Equifax, delete M.G.'s prior report.

27. Pursuant to its agreements with the CRAs, M.G. is not to request deletion of any debt unless the report was made in actual error. **SEE PLAINTIFF'S EXHIBIT C.**

28. CRAs require that paid collection accounts be reported as "paid." *Id.*

29. Often times, debts are not deleted by the CRAs based on the request of the furnisher of information.

30. During the December 2015 phone conversation, Amber used the word "settlement" several times and left the impression with Ms. Trody-Goins that if she did not accept the "settlement," legal action would ensue.

31. Pursuant Section 95.11(2), Florida Statutes, the statute of limitations for legal action to be brought against a debtor regarding a debt of this nature is five years from the date of first delinquency ("**DOFD**").

32. The DOFD for the debt in question was February 2010. **SEE PLAINTIFF'S EXHIBIT B.**

33. Pursuant Section 95.11(2), Florida Statutes, the time period in which M.G. could have brought legal action against Ms. Trody-Goins for the debt ended in February 2015.

34. Amber did not inform Ms. Trody-Goins that the statute of limitations had expired.

35. Based on the totality of the circumstances, an unsophisticated consumer would conclude that failing to accept M.G.'s settlement of the debt, or failing to pay the debt in full, would result in legal action being taken against her by M.G. to recover the debt.

36. Amber, acting as an employee of M.G., and M.G., having employed Amber, are both jointly and severally liable for their violations of the aforementioned statutes.

37. M.G.'s reporting of the debt to Equifax was an attempt to collect the debt.

38. Each of M.G.'s reports to Equifax, as well as the December 2015 phone call, were "communications" as defined by 15 U.S.C. § 1692a(2) and Section 559.55(2), Florida Statutes.

39. Ms. Trody-Goins has hired the aforementioned law firm to represent her in this matter and is obligated to pay its reasonable fees.

**COUNT I**
**M.G.'S VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692,** *et. seq.*

40. Ms. Trody-Goins adopts and incorporates paragraphs 1 - 39 as if fully stated herein.

41. M.G.'s conduct violated **15 U.S.C. § 1692e(10)** in that M.G made false representations in an attempt to collect a debt by:

    a. Falsely stating, through its agent Amber, that it would delete the reported debt from Ms. Trody-Goins' Equifax credit report if she paid the debt in full;

    b. Falsely implying, through its agent Amber, that it would take legal action against Ms. Trody-Goins if she did not accept one of the two presented settlement options; and,

    c. Falsely reporting the debt related to a health and fitness club under the CCC "Retail."

42. M.G.'s conduct violated **15 U.S.C. § 1692e** in that M.G. made a false representation in connection with the collection of the debt by:

   a. Falsely stating, through its agent Amber, that it would delete the reported debt from Ms. Trody-Goins' Equifax credit report if she paid the debt in full;

   b. Falsely implying, through its agent Amber, that it would take legal action against Ms. Trody-Goins if she did not accept one of the two presented settlement options; and,

   c. Falsely reporting the debt related to a health and fitness club under the CCC "Retail."

43. M.G.'s conduct violated **15 U.S.C. § 1692e(2)(a)** in that M.G. made false representations about the character and legal status of a debt by:

   a. Falsely implying, through its agent Amber, that it would take legal action against Ms. Trody-Goins if she did not accept one of the two presented settlement options; and,

   b. Falsely reporting the debt related to a health and fitness club under the CCC "Retail."

44. M.G.'s conduct violated **15 U.S.C. § 1692e(8)** in that M.G. communicated credit information known to be false by knowingly falsely reporting a debt related to a health and fitness club under the CCC "Retail."

45. M.G.'s conduct violated **15 U.S.C. § 1692f** in that M.G. used unfair and unconscionable means to collect a debt by:

   a. Falsely stating, through its agent Amber, that it would delete the reported debt from Ms. Trody-Goins' Equifax credit report if she paid the debt in full; and,

    b.      Falsely implying, through its agent Amber, that it would take legal action against Ms. Trody-Goins if she did not accept one of the two presented settlement options.

46.    M.G.'s conduct violated **15 U.S.C. § 1692e(5)** in that M.G. threatened to take legal action which cannot legally be taken by implying, through its agent Amber, that legal action would be taken against Ms. Trody-Goins for the collection of the debt for which the statute of limitations had passed.

47.    M.G.'s actions were willful and intentional.

48.    M.G.'s actions render M.G. liable for the above-stated violations of the FDCPA.

**WHEREFORE**, Ms. Trody-Goins respectfully requests this Honorable Court enter judgment against M.G., jointly and severally with Amber if Amber is found liable under Count II thereof, and otherwise solely, for:

    a.      Statutory damages of $**1,000** pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    b.      Unspecified actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    c.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

    d.      Such other relief that this Court deems just and proper.

**COUNT II**
**AMBER'S VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, *et. seq.***

49.    Ms. Trody-Goins adopts and incorporates paragraphs 1 - 39 as if fully stated herein.

50.    Amber's conduct violated **15 U.S.C. § 1692e(10)** in that Amber made false representations in an attempt to collect a debt by:

    a.      Falsely stating that M.G. would delete the reported debt from Ms. Trody-Goins' Equifax credit report if she paid the debt in full; and,

    b.    Falsely implying that M.G. would take legal action against Ms. Trody-Goins if she did not accept one of the two presented settlement options.

51.    Amber's conduct violated **15 U.S.C. § 1692e** in that Amber made a false representation in connection with the collection of the debt by:

    a.    Falsely stating that M.G. would delete the reported debt from Ms. Trody-Goins' Equifax credit report if she paid the debt in full; and,

    b.    Falsely implying that M.G. would take legal action against Ms. Trody-Goins if she did not accept one of the two presented settlement options.

52.    Amber's conduct violated **15 U.S.C. § 1692e(2)(a)** in that Amber made false representations about the character and legal status of a debt by falsely implying M.G. it would take legal action against Ms. Trody-Goins if she did not accept one of the two presented settlement options.

53.    Amber's conduct violated **15 U.S.C. § 1692f** in that Amber used unfair and unconscionable means to collect a debt by:

    a.    Falsely stating that M.G. would delete the reported debt from Ms. Trody-Goins' Equifax credit report if she paid the debt in full; and,

    b.    Falsely implying that M.G. would take legal action against Ms. Trody-Goins if she did not accept one of the two presented settlement options.

54.    Amber's conduct violated **15 U.S.C. § 1692e(5)** in that Amber threatened to take legal action which cannot legally be taken by implying that legal action would be taken against Ms. Trody-Goins for the collection of the debt for which the statute of limitations had passed.

55.    Amber's actions were willful and intentional.

56. Amber's actions render Amber liable for the above-stated violations of the FDCPA.

**WHEREFORE**, Ms. Trody-Goins respectfully requests this Honorable Court enter judgment against Amber, jointly and severally with M.G. if M.G. is found liable under Count I hereof, and otherwise solely, for:

a. Statutory damages of $**1,000** pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Unspecified actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT III
## M.G.'s VIOLATIONS OF THE FCCPA - Section 559.55, Florida Statutes, *et. seq.*

57. Ms. Trody-Goins adopts and incorporates paragraphs 1 - 39 as if fully restated herein.

58. M.G.'s conduct violated Section **559.72(9)**, Florida Statutes, in that it asserted the existence of a legal right which does not exist by implying, through its agent Amber, that legal action would be taken against Ms. Trody-Goins for the collection of the debt for which the statute of limitations had passed.

59. M.G.'s actions were willful and intentional.

60. M.G.'s actions render M.G. liable for the above-stated violations of the FCCPA.

**WHEREFORE,** Ms. Trody-Goins respectfully requests this Honorable Court enter judgment against M.G., jointly and severally with Amber if she is found liable under Court IV hereof, and otherwise solely, for:

a. Statutory damages of **$1,000** pursuant to Section 559.77(2), Florida Statutes;

b. Unspecified actual damages pursuant Section 559.77(2), Florida Statutes;

    c.    Reasonable costs and attorney's fees pursuant to pursuant to Section 559.77(2), Florida Statutes; and,

    d.    Such other relief that this Court deems just and proper.

## COUNT IV
## AMBER'S VIOLATIONS OF THE FCCPA - Section 559.55, Florida Statutes, *et. seq*.

61.    Ms. Trody-Goins adopts and incorporates paragraphs 1 - 39 as if fully restated herein.

62.    Amber's conduct violated Section **559.72(9)**, Florida Statutes, in that Amber asserted the existence of a legal right which does not exist by implying that legal action would be taken against Ms. Trody-Goins for the collection of the debt for which the statute of limitations had passed.

63.    Amber's actions were willful and intentional.

64.    Amber's actions render Amber liable for the above-stated violations of the FCCPA.

**WHEREFORE,** Ms. Trody-Goins respectfully requests this Honorable Court enter judgment against Amber, jointly and severally with M.G. if M.G. is found liable under Count III, and otherwise solely, for:

    a.    Statutory damages of **$1,000** pursuant to Section 559.77(2), Florida Statutes;

    b.    Unspecified actual damages pursuant to Section 559.77(2), Florida Statutes;

    c.    Reasonable costs and attorney's fees pursuant to pursuant to Section 559.77(2), Florida Statutes; and,

    d.    Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Ms. Trody-Goins demands a jury trial on all issues so triable.

Respectfully submitted this 11th day of January 2016, by:

>/s Bobbi Madonna
>Bobbi Madonna, Esq.
>FL Bar # 0056265
>Seraph Legal, P.A.
>2002 E. 5th Avenue • Suite 104
>Tampa, FL 33605
>(813) 567-1230
>bmadonna@SeraphLegal.com
>Attorneys for Plaintiff

# EXHIBIT A: MG CREDIT INC - CCA RECORD

12/22/2015       Florida Office of Financial Regulation



## License Search Results Detail

| | |
|---|---|
| License Name: | M. G. CREDIT, INC. |
| DBA Name: | |
| License Type: | Consumer Collection Agency |
| Status: | Approved |
| Status Effective Date: | 11/3/2015 |
| Original Date of License: | 4/19/2013 |
| License Number: | CCA9903088 |
| License Expiration Date: | 12/31/2016 |

**License Main Address:**
| | |
|---|---|
| Street: | 5115 SAN JUAN AVE |
| City: | JACKSONVILLE |
| State: | FL |
| Zip Code: | 32210 |

**License Mailing Address:**
| | |
|---|---|
| Street: | 5115 SAN JUAN AVE |
| City: | JACKSONVILLE |
| State: | FL |
| Zip Code: | 32210 |

**Phone Number:**

Search for Final Orders

[ New Search ]   [ Return to Search Results ]

Accessibility          Contact Us          Site Map
                       (850) 487-9687

https://real.flofr.com/ConsumerServices/SearchLicensingRecords/SearchDetail.aspx?licNum=CCA9903088&licDesc=CCA       1/1

# EXHIBIT B: MS. TRODY-GOINS' EQUIFAX CONSUMER DISCLOSURE REPORT FROM NOVEMBER 24, 2015

11/9/2015        Equifax Online Dispute

## Online Dispute

Step 1 **Dispute Information**    Step 2 Upload Documents    Step 3 Review & Submit    Step 4 Get Confirmation

### Equifax Credit File™ for: Lakesha T. Goins
**As of Date: 11/09/2015**

Personal Information    Accounts    **Negative Information**    Inquiries

Accounts  |  Collections  |  Public Records

**Collections**        Show All Dispute Options

A collection is an account that has been turned over to a collection agency by one of your creditors because they believe the account has not been paid as agreed.

Redacted

Dispute Item

**M.G. CREDIT**

Dispute Item

| | |
|---|---|
| Agency Address: | 5115 San Juan Ave |
| | Jacksonville, FL 32210-3137 |
| | (904) 387-6503 |
| Date Reported: | 11/2015 |
| Date Assigned: | 07/2010 |
| Creditor Classification: | Retail |
| Creditor Name: | INDEPENDENCE ACCEPTANCE CORP |
| Account Number: | 72XXXX |
| Account Owner: | Individual Account. |
| Original Amount Owned: | $479 |
| Date of 1 st Delinquency: | 02/2010 |
| Balance Date: | 11/2015 |
| Balance Owned: | $719 |
| Last Payment Date: | |
| Status Date: | 11/2015 |
| Status: | D - Unpaid |
| Comments: | Consumer disputes this account information |

Redacted

Dispute Item

https://www.ai.equifax.com/CreditInvestigation/home/loadCollectionsDataNegativeInfo.action?tab=collections

## Exhibit 4

# Account Status Codes

| Code | Description |
|---|---|
| 95[1] | Voluntary surrender.<br>**Note: Do not report Status Code 95 for early termination of leases. Refer to the Leasing category within Exhibit 6 for applicable Special Comments.** |
| 96 | Merchandise was repossessed; there may be a balance due. |
| 97 | Unpaid balance reported as a loss (charge-off). |
| DA | Delete entire account (for reasons other than fraud).<br>**Note: In order to maintain the integrity of credit information, it is important that data furnishers not ask for a subsequent deletion of account history unless an actual error was reported. Paid derogatory accounts, such as collections, should be reported as paid; they should not be deleted.** |
| DF | Delete entire account due to confirmed fraud (fraud investigation completed). |

---

[1] Field 17B (Payment Rating) is also required when reporting this Account Status Code.