## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LAKESHA TRODY-GOINS,

  *Plaintiff*,

  v.

          Case No:  **8:16-cv-00126-JSM-EAJ**

M.G. CREDIT, INC. and
AMBER JOHNS a/k/a AMBER DOE,

  *Defendants*.

## PLAINTIFF'S FIRST AMENDED MOTION FOR DEFAULT JUDGMENT AND MEMORANDUM OF LAW

Comes now, the Plaintiff, **LAKESHA TRODY-GOINS**, and requests the entry of a joint and several judgment by default against the Defendants, **M.G. CREDIT, INC. and AMBER JOHNS a/k/a AMBER DOE**, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and, as ground for the motion, states as follows:

## I. FACTUAL BASIS

1. The Complaint in this matter was filed on January 19, 2016.  *See* Doc 1.

2. The Summonses for both Defendants were issued on January 20, 2016.  *See* Doc 2 and Doc. 3.

3. Copies of the Complaint and the Summonses were served on each Defendant on January 22, 2016.  *See* Doc. 6 and Doc. 7.

4. The Proof of Service for both Defendants was filed with the court on January 25, 2016.  Id.

5. An Amended Complaint in the matter was filed on February 9, 2016.  *See* Doc. 8.

6.      The only amendment included in Amended Complaint is the change of the true name of the Co-Defendant, initially designated as "Amber Doe," to "Amber Johns" after Ms. Johns' true name was discovered.  Id.

7.      The Amended Complaint alleges that the Defendants, M.G. Credit, Inc. ("**M.G.**") and Amber Johns a/k/a Amber Doe ("**Amber**"), are "debt collectors" within the meaning of the FDCPA and FCCPA, 15 U.S.C. § 1692a(6) and Section 559.55(7), Florida Statutes, respectively, in that the Defendants regularly collect or attempt to collect, directly or indirectly, consumer debts allegedly due to another party. Id. at ¶ 11.

8.      The Amended Complaint alleges that in February 2010, Ms. Trody-Goins is alleged to have defaulted on an account with Independence Acceptance Corporation ("**Independence**"), which had provided financing for a gym membership to Shapes Fitness for Women ("**Shapes**") for Ms. Trody-Goins (the "**debt**").  Id. at ¶ 13.

9.      The Amended Complaint alleges that on or around July 2010, Independence sold, transferred, or otherwise assigned the debt to M.G. for collection who, in November 2010, began reporting the debt to the credit reporting agency ("**CRA**") Equifax for collection.  Id. at ¶¶ 15-16 and *See also* Doc. 8, Exhibit B**.**

10.     The Amended Complaint alleges that M.G. reported the debt to the CRA Equifax under the creditor classification code for "Retail" despite the fact that it should have been coded for "health and fitness clubs" because Shapes is a health and fitness club, not a retailer.  Id. at ¶ 17 and *See* Doc. 8, Exhibit B.

11.     The Amended Complaint alleges that, in December 2015, Ms. Trody-Goins spoke with M.G.'s employee Amber who attempted to collect the debt. Id. ¶¶ 18, 19 and 36.

12.     Amber stated that if Ms. Trody-Goins accepted their offer to settle the debt, M.G. would update its reporting of the debt to the CRA to indicate the account was "paid" or "settled." Id. at ¶¶ 22 and 23.

13.     The Amended Complaint alleges that Amber further stated during the phone call that if Ms. Trody-Goins paid the entire amount allegedly owed, M.G. would *delete* the debt from her credit report. Id. at ¶ 24.

14.     The Amended Complaint alleges that, not only does M.G. lack the capability to delete anything from any credit report itself, pursuant to its agreements with the CRAs, M.G. is prevented from requesting deletion of any debt unless the report was made in actual error and is required to report paid accounts as "paid". Id. at ¶¶ 25-28 and *See* Doc 8, Exhibit C.

15.     The Amended Complaint alleges that during the December 2015 phone call, Amber used the word "settlement" several times and left the impression that if she did not accept the "settlement," legal action would ensue. Id. at ¶ 30.

16.     The Amended Complaint alleges that, since the date of first delinquency for the debt at hand was February 2010, pursuant Section 95.11(2), Florida Statutes, the statute of limitations for legal action to be brought against Ms. Trody-Goins for the debt ended in February 2015. Id. at ¶¶ 31-33.

17.     The Amended Complaint alleges that the Defendants' actions were willful and intentional. Id. at ¶¶ 47, 55, 59 and 63.

18.    The Amended Complaint outlines that M.G.'s conduct of falsely reporting the debt related to a health and fitness club under the creditor classification code of "retail" was a violation of the Fair Debt Collection Practices Act "**FDCPA**"; specifically, a violation of 15 U.S.C. § 1692e(10), § 1692e, § 1692e(2)(a), and § 1692e(8). Id. at ¶¶ 41-44.

19.    The Amended Complaint outlines that M.G.'s conduct, by way of its agent Amber, who falsely stated that M.G. would *delete* the reported debt from Ms. Trody-Goins' credit report if paid was a violation of the FDCPA; specifically, a violation of 15 U.S.C. § 1692e(10), § 1692e and § 1692f. Id. at ¶¶ 41, 42 and 45.

20.    The Amended Complaint outlines that M.G.'s conduct, through its agent Amber, who falsely implied that legal action would be taken against Ms. Trody-Goins if she did not pay an out-of-statute debt, was a violation of the FDCPA and the Florida Consumer Collection Practices Act ("**FCCPA**"); specifically, a violation of 15 U.S.C. § 1692e(5), § 1692f, § 1692e(2)(a), § 1692e, and § 1692e(10), as well as Section 559.72(9), Florida Statutes, respectively. Id. at ¶¶ 41-43, 45, 46 and 58.

21.    The Amended Complaint indicates that Amber, acting as an employee of M.G., and M.G., having employed Amber, are both jointly and severally liable for the violations of the FDCPA and the FCCPA, to wit, Amber's false statements that M.G. would delete the reported debt from Ms. Trody-Goins' credit report if paid in full and Amber's false implication that legal action would ensue if Ms. Trody-Goins did not settle the debt in question. Id. at ¶¶ 36, 50-54 and 62.

22.     The Amended Complaint requested that the Court enter a judgment against M.G. and Amber, jointly and severally, for the outlined FDCPA and FCCPA violations for statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); statutory damages of $1,000 pursuant to Section 559.77(2), Florida Statutes; as well as reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Section 559.77(2).  Id.

23.     Both Defendants were sent the Amended Complaint, by United States mail, on February 9, 2016. Id.at page 11.

24.     No Answer or Response to either the Complaint or the Amended Complaint has been entered by either Defendant in this matter to the present date.

25.     An Entry of Default against both Defendants was entered by the United States District Court for the Middle District of Florida Clerk of Court on March 15, 2016.  *See* Doc. 10 and Doc. 11.

26.     With regard to costs in the matter at hand, Counsel for the Plaintiff has currently spent **$535.80** in out-of-pocket expenses including the filing fee, process server fees, and postage.  *See* "Affidavit of Attorneys' Fees," Attached as Exhibit A.

27.     With regard to attorneys' fees, at a rate assessed of $350 per hour for the attorneys and $100 per hour for the legal clerks, the total amount of attorneys' fees, which excludes redundant time allotted by multiple attorneys as well as the time allotted in drafting this and related filings, the total amount of attorneys' fees accrued is **$8,275.00**.  Id.

## II.   MEMORANDUM OF LAW

Pursuant to Rule 55, to enter a default judgment, there must be a sufficient basis in the pleadings to support the relief sought. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Altariq Woods v Capstone Credit & Collection, LLC., 8:15-cv-00074-MSS-MAP, Doc. 12 (M.D. Fla. March 11, 2015) citing  Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages. Altariq Woods v Capstone Credit & Collection, LLC., 8:15-cv-00074-MSS-MAP, Doc. 12 (M.D. Fla. March 11, 2015) citing Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985). Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts.  Id. at 1544.

### A.   THE FACTS ALLEGED IN THE PLAINTIFF'S AMENDED COMPLAINT ARE SUFFICIENT TO ESTABLISH THE DEFENDANTS' LIABILITY UNDER BOTH THE FDCPA AND THE FCCPA.

Plaintiff has set forth valid causes of action for violations of the FDCPA and the FCCPA. Count I alleges that Defendant M.G. violated provisions of 15 U.S.C. § 1692e by falsely reporting the debt related to a health and fitness club under the creditor classification code of "Retail." (Doc. 8 ¶¶ 41-44). Counts I and II also allege that the Defendants violated provisions of 15 U.S.C. §§ 1962e and 1692f by: (1) falsely stating, through M.G.'s agent Amber, that it would delete the reported debt from Ms. Trody-Goins' Equifax credit report if she paid the debt in full; and, (2) falsely implying, through M.G.'s agent Amber, that it would take legal action against

Ms. Trody-Goins if she did not accept one of the two presented settlement options for the out-of-statute debt. Id. at ¶¶ 41-46, 50-54. Counts III and IV allege that the Defendants violated Section 559.72(9), Florida Statutes, by implying, through M.G.'s agent Amber, that legal action would be taken against Ms. Trody-Goins for the collection of the debt for which the statute of limitations had passed. Id. at ¶¶ 58 and 62

"The elements of an FDCPA claim include: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" Pescatrice v. Orovitz, 539 F. Supp. 2d 1375, 1378 (S.D. Fla. 2008) (quoting Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002)).

With regard to the term "debt collector," the statutory definition refers to "any person" who meets the statutory qualifications. 15 U.S.C. § 1692a(a). The term "debt collector" may include not only a debt collection entity, but also individual employees of a corporate debt collector. Schmidt v Synergentic Communications, Inc. et al, Case No. 2:14-cv-539-FtM-29CM., (M.D. Fla., 2015); Arlozynski v. Rubin & Debski, P.A., 710 F. Supp. 2d 1308, 1311 (M.D. Fla. 2010) ("the individual Defendants' actions, as alleged in the complaint, may subject them to personal liability under the Fair Debt Collection Practices Act, regardless of the fact that they acted under the auspices of a corporate entity."). Further, in an action against an employer for the actions of the employee based upon the theory of vicarious liability or *respondeat superior*, the plaintiff must show liability on the part of the employee. Dickerson v. Community West Bank, Case No. 8:10-CV-729-T-17AEP, (M.D. Fla. August 14, 2015).

Among other provisions, Plaintiff alleges that Defendant M.G. violated 15 U.S.C. §1692e(2)(a) which prohibits a debt collector from making a false representation of the

character, amount, or legal status of any debt. (Doc. 8, ¶ 43).   In the case at hand, the Plaintiff has shown, through the facts outlined within the Amended Complaint, that the Defendant M.G. falsely represented the character of the debt, a debt stemming from membership to a health and fitness club, under the creditor classification code of "Retail" instead of the creditor classification code of "Health and Fitness Clubs".   Id. at ¶¶ 13-17. Under this provision alone, default judgment is proper as to Count I against Defendant M.G.

Among other provisions, Plaintiff alleges that both Defendants have violated 15 U.S.C. §1692e(10) which prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt. Id. at ¶¶ 41 and 50. In the case at hand, the Plaintiff has shown through the facts outlined within the Amended Complaint that the Defendant Amber, an employee of Defendant M.G., made false representations to collect the debt by falsely stating that M.G. itself would delete the reporting of the debt in question from the Plaintiff's credit report if the Plaintiff elected to pay the full amount of the debt instead of the offered reduced price. Id. at ¶¶ 18, 22-24, and 36. Plaintiff has sufficiently shown an additional violation of 15 U.S.C. § 1692e(10) by M.G. Employee Amber false implication that, if the Plaintiff failed to accept one of the presented settlement options, that M.G. would bring legal action regarding the out-of-statute debt.  Id. at ¶¶ 18, 30, and 36. Under this provision alone, default judgment is proper as to Count I and Count II against both Defendants.

"To establish a violation under Section 559.72(9) of the FCCPA, it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist. Additionally, [t]o plead a[n] FCCPA claim, a party must allege knowledge or intent by the debt collectors in order to state a cause of action." Altariq Woods v Capstone Credit & Collection, LLC., 8:15-cv-00074-MSS-MAP, Doc. 12 (M.D. Fla. March 11, 2015) citing

Neptune v. Whetstone Partners, LLC, 34 F. Supp. 3d 1247, 1251 (S.D. Fla. 2014) (citations and internal quotation marks omitted) (quoting Bentley v. Bank of America, N.A., 773 F. Supp. 2d 1367, 1372–73 (S.D. Fla. 2011)). Plaintiff alleges that Defendant Amber, while acting as an employee of Defendant M.G., implied that legal action would be taken against the Plaintiff for the collection of the debt for which the statute of limitations had passed. Id. at ¶¶ 18, 30, and 36. Plaintiff further asserts that the Defendant Amber's conduct in this regard was "willful and intentional." Id. at ¶¶ 58, 62-63. Thus, the Plaintiff has also sufficiently pled Count III and IV and default judgment in proper.

**B.**     **THE RECORD ADEQUATELY REFLECTS THE BASIS FOR THE AWARD OF THE REQUESTED STATUTORY DAMAGES, COSTS, AND ATTORNEYS' FEES.**

Where a request for monetary relief is made, the Court may enter judgment without a hearing only if "the plaintiff's claim against [the] defendant is for a sum certain or for a sum which can by computation be made certain," or if "the amount claimed is a liquidated sum or one capable of mathematical calculation," or if the movant submits sufficient evidence to support the request for damages. *See* Altariq Woods v Capstone Credit & Collection, LLC., 8:15-cv-00074-MSS-MAP, Doc. 12 (M.D. Fla. March 11, 2015) *citing* S.E.C. v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005); Adolph Coors Co., 777 F.2d at 1544; United Artists Corp. v. Freeman, 605 F.2d 854 (5th Cir. 1979).

Here, Plaintiff seeks statutory damages for each count of $1,000.00, joint and several among the Defendants, along with costs and attorneys' fees. These requests are supported by affidavits from attorneys Philip Goldberg and Bobbi Madonna, attached as exhibits A and B to this Motion and Memorandum of Law.

Both the FDCPA and the FCCPA permit statutory damages of up to $1,000.00, in addition to any actual damages, and permit recovery of costs and reasonable attorney's fees for successful plaintiffs. *See* 15 U.S.C. § 1692k(a)(2)(A) and Fla. Stat. § 559.77(2).

The costs claimed are for the filing fee of $400.00, the service of process fee of $110.00 and the cost of postage to mail both Defendants the filed documents of $25.80 for a total of $535.80 in out-of-pockets costs. *See* Exhibit A, ¶ 7 and page 5.

Plaintiff seeks attorney's fees of 22 hours at $350.00/hour for attorneys Philip Goldberg and Bobbi Madonna, which **excludes** the fees associated with the drafting of the document at hand as well as duplicitous fees, and 4.50 hours at $100.00/hour for paralegals time equating to a total of $8,275.00. Id. at ¶¶ 8 and page 4. Counsel Goldberg avers that he has over 20 years of experience, is admitted to practice in Florida, California, and Illinois, was a Law Review Editor, and was 5th in his law class. Id. at ¶ 6. He also attests that undersigned counsel is lead counsel on the case, is admitted to practice in Florida, has 7 years of experience, a *cum laude* law graduate and has extensive litigation experience. Id.

The attorney rate of $350.00 is reasonable for FDCPA/FCCPA cases. *See* Altariq Woods v Capstone Credit & Collection, LLC., 8:15-cv-00074-MSS-MAP, Doc. 12 (M.D. Fla. March 11, 2015) *citing* Titus v. Commercial  Recovery Sys., Inc., 8:13-CV-00567-T-27, 2014 WL 55016, at *4 (M.D. Fla. Jan. 7, 2014); Dish Network Serv. L.L.C. v. Myers, 87 So. 3d 72, 78 (Fla. 2d DCA 2012); Montgomery v. Florida First Fin. Group, Inc., 6:06-CV-1639ORL31KR, 2008 WL 3540374, at *13 (M.D. Fla. Aug. 12, 2008). Further, the Middle District of Florida has consistently held a reasonable hourly rate for the work of paralegals and law clerks in cases involving violations of the FDCPA to be around $95 to $100. *See* Altariq Woods v Capstone Credit & Collection, LLC., 8:15-cv-00074-MSS-MAP, Doc. 12 (M.D. Fla. March 11, 2015)

*citing* <u>Thomas v. Arm WNY, LLC</u>, 3:14-CV-360-J-39MCR, 2014 WL 6871654, at *9 (M.D. Fla. Dec. 3, 2014) (collecting cases); see also, e.g., <u>Titus</u>, 2014 WL 55016, at *4 (collecting cases of paralegal awards of between $95.00 and $100.00 per hour); <u>Sharke v. Midnight Velvet, Inc.</u>, 8:12-CV-589-T-24-AEP, 2013 WL 2467786, at *3 (M.D. Fla. June 7, 2013) ($100.00/hour for paralegal).

The time allotted on this matter by the attorneys and paralegals is not only reasonable, but excludes the time allotted for drafting of the filing at hand as well as all duplicative time. Therefore, The Plaintiff has submitted sufficient evidence to support the request for damages and the amounts requested, in the form of statutory damages, costs and attorney's fees are reasonable and in accordance with the law.

### III.   <u>CONCLUSION</u>

Ms. Trody-Goins respectfully requests this Honorable Court enter a default judgment against Defendants M.G. and Amber, jointly and severally, for:

a.   Statutory damages of **$1,000** pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.   Statutory damages of **$1,000** pursuant to Section 559.77(2), Florida Statutes; and,

c.   Reasonable costs and attorneys' fees of **$8,810.80** pursuant to 15 U.S.C. § 1692k(a)(3) and Section 559.77(2), Florida Statutes.

Dated March 22, 2016

/s/ Bobbi Madonna
Bobbi Madonna
Florida Bar # 0056265
Seraph Legal, P.A.
2002 E. 5th Avenue, Suite 104
Tampa, FL 33605
(813) 567-1230
bmadonna@seraphlegal.com
Attorney for Plaintiff