# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**LAKESHA TRODY-GOINS,**

    **Plaintiff,**

v.                                                       **Case No.  8:16-CV-126-T-30EAJ**

**M.G. CREDIT, INC. and AMBER JOHNS,**

    **Defendants.**

_____/

## DEFAULT FINAL JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff's Amended Motion for Default Judgment (Dkt. 14) and attachments thereto.  The Court, having reviewed the motion, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

## BACKGROUND

On January 1, 2016, Plaintiff Lakesha Trody-Goins filed the instant action against Defendants under the Fair Debt Collections Practice Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").  On February 9, 2016, Plaintiff filed an amended complaint.  Plaintiff seeks, among other things, statutory damages and reasonable attorney's fees and costs under the FDCPA and the FCCPA (Dkt. 8).

On March 15, 2016, Clerk's Defaults were entered against Defendants for their failure to respond to the amended complaint or otherwise file an appearance in this action (Dkts. 10, 11).  Plaintiff now moves for a default final judgment in the amount of $10,810.80 for the

following damages: (1) $1,000 statutory damages under the FDCPA; (2) $1,000 statutory damages under the FCCPA; (3) costs in the amount of $535.80; and (4) attorney's fees in the amount of $8,275.00. The Court concludes that Plaintiff is entitled to a judgment in the amount of $5,460.00.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a final judgment of default against a party who has failed to plead in response to a complaint. A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.,* 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co. v. Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975);[1] *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.,* 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002).

## DISCUSSION

The Court concludes that it has federal question jurisdiction over Plaintiff's FDCPA claim and supplemental jurisdiction over Plaintiff's FCCPA claim. Also, the amended complaint's allegations are sufficient to state a claim under the FDCPA and the FCCPA.

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

Plaintiff seeks statutory damages in the amount of $1,000 under each statute; the Court reduces this amount to a statutory award of $250 under each statute.

The Court concludes that Plaintiff's request for attorney's fees in the amount of $8,275.00 is unreasonable—this amount is reduced to $4,425.00.[2] The request for costs in the amount of $535.80 is reasonable and appropriate.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Amended Motion for Default Judgment (Dkt. 14) is granted in part and denied in part as stated herein.

2. The Clerk of Court is directed to enter **FINAL JUDGMENT** in the amount of **$5,460.80** in Plaintiff's favor and against Defendants, jointly and severally. This amount shall accrue interest at the federal statutory rate.

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on March 22, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2016\16-cv-126.mtdefaultFJ-14.wpd

---

[2] The Court accepts the rate of $350.00 per hour but reduces the total hours from 22.0 to 11.0. The Court accepts the rate of $100.00 per hour for 5.75 hours of paralegal/law clerk time.